IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00057-EWN-MEH

JEREMY WILLIAMS,

      Applicant,

v.

JOE ORTIZ, Colorado Department of Corrections Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Applicant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket #3]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Application be **denied**.

## I.    Facts

Applicant Jeremy Williams was charged with three counts of sexual assault on a child, three counts of sexual assault on a child by one in a position of trust, and sexual assault on a child – pattern of abuse. The charges were based on Applicant's touching of the twelve-year-old daughter of his girlfriend on her breast and thighs. Applicant pled guilty to one count of sexual assault on a child, position of trust. Applicant claims he was first sentenced to an eight-year determinate sentence, which he claims was changed to an indeterminate eight-years-to-life sentence later when he was not in court.

Applicant first filed a motion to correct an illegal sentence, which was denied. Applicant later

filed a motion for post-conviction relief and two supplemental motions, which were all denied by the state district court.  On appeal, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied Applicant's Writ of Certiorari.  Applicant timely filed the instant Writ of Habeas. Applicant presents the following claims for relief, which he alleges render his guilty plea involuntary and his sentence illegal: (1) Applicant received ineffective assistance of counsel when he pled guilty, making his plea unknowing and involuntary; (2) Applicant was re-sentenced to a longer term of imprisonment outside his presence in violation of his right to due process; and (3) Applicant was re-sentenced to a longer term of imprisonment, violating double jeopardy.  Application at pp. 5, 6, and Exh. C.  Although not listed as a separate claim, Applicant also alleges a violation of his right to due process based on the state court's failure to provide him with a copy of the transcript for his appeal.

II.     Discussion

     A.      Standard of Review

     In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "When a federal district court reviews a state prisoner's habeas [application] pursuant to 28 U.S.C. § 2254 it must decide whether the [applicant] is 'in custody in violation of the Constitution or laws or treaties of the United States.'  The court does not review a judgment, but the lawfulness of the [applicant's] custody *simpliciter*."   *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).   The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." *O'Sullivan* , 526 U.S. at 845.

Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case,

habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals

which was the final substantive proceedings in the state appellate review process.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all federal habeas

applications filed after the AEDPA's effective date of April 24, 1996, regardless of when the state

proceedings occurred. *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999); *Moore v. Gibson*,

195 F.3d 1152, 1163 (10th Cir. 1999).  Under AEDPA, an applicant is entitled to federal habeas relief

only if he can establish that the state court decision was "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United

States," or was "based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see, also, Hale v. Gibson*, 227

F.3d 1298, 1309 (10th Cir. 2000).

As the Supreme Court recently stated:

A state-court decision is contrary to . . . clearly established precedents if it applies a
rule that contradicts the governing law set forth in [Supreme Court] cases, or if it
confronts a set of facts that is materially indistinguishable from a decision of [the
Supreme] Court but reaches a different result.  A state-court decision involves an
unreasonable application of this Court's clearly established precedents if the state
court applies this Court's precedents to the facts in an objectively unreasonable
manner.

*Brown v. Payton*,  544 U.S. 133, 125 S.Ct. 1432, 1438-39 (2005) (internal citations omitted).

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does

not even require awareness of [those] cases, so long as neither the reasoning nor the result of the

state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  So, when a state

3

court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference. *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Factual findings made by the state trial and appellate courts are presumed correct, with the applicant having the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* and *O'Neal v. McAninch*, 513 U.S. 432 (1995), must be applied. *See Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002). Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623. *O'Neal* addresses the situation where a court is in "grave doubt" about the likely effect of the error on the jury's verdict – that is, where "the matter is so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435. In such a case, *O'Neal* instructs a court to treat the error "as if it had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Brecht*, 507 U.S. at 623).

### B.     Petitioner's Claims

#### 1.     Whether Applicant received ineffective assistance of counsel when he pled guilty

Applicant claims that his counsel failed to advise him of the consequences of pleading guilty including (1) mandatory participation in a sex offense-specific mental health evaluation prior to sentencing; (2) mandatory participation in a sex offense-specific treatment to be eligible for parole; and (3) mandatory indeterminate sentencing. Application at 5. Applicant also claims that he has a third-grade education and did not read the plead agreement in full before signing it. He claims that he was told to sign the agreement shortly before entering his plea. Applicant also alleges ineffective assistance of counsel based on counsel's failure to investigate the credibility of the victim and her alleged propensity for false reporting. Application at Exh. C.

As discussed below, only Applicant's claim based on the indeterminate sentence is properly before this Court. First, the Colorado Court of Appeals found that Applicant failed to exhaust his ineffective assistance of counsel argument for the failure to investigate and declined to address the argument, because it was first raised on appeal. Response, Exh. D, 9. Although Applicant argues that he raised a failure to investigate claim, he provided only conclusory allegations and did not mention the victim's background or the prejudice that resulted. Traverse at 2. Federal courts are precluded from considering a specific claim, if the claim was denied in the state court on independent and adequate state procedural grounds. "A state court finding of procedural default is independent if it is separate and distinct from federal law." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." *Id.* Accordingly, the procedural bar, as applied to Applicant's claims by

the Colorado Court of Appeals, was an "adequate" state ground because the Colorado courts consistently decline to review claims which are first raised on appeal. *See People v. Boyd*, 23 P.2d 1242, 1247 (Colo. App. 2001). In addition, the procedural bar imposed by the state district court was an "independent" ground because Applicant's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." *Maes*, 46 F.3d at 985.

Second, Applicant's claims based on mandatory participation in a sex offense-specific mental health evaluation prior to sentencing and mandatory participation in a sex offense-specific treatment to be eligible for parole are not properly exhausted. A review of the record reveals no place where Applicant raised these issues in state court. Applicant did raise his mental health evaluation to argue that counsel should have objected to the completeness of the report, but Applicant never argued that counsel failed to inform him of this requirement. *See* Response, Exh. D., p. 8. Applicant claims that this Court should liberally construe his state court pleadings to find exhaustion. Although the Court construes a *pro se* plaintiff's pleadings liberally, even a liberal construction of Applicant's state court pleadings fails to demonstrate exhaustion. Applicant raised no factual allegations that would allow the state court to address these arguments. Although the state court should ordinarily be given the first opportunity to resolve constitutional matters arising from its proceedings, exhaustion is not required if exhaustion would be futile. *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999). In situations such as this, federal courts apply an anticipatory bar. *Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007) ("Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation and quotations omitted).

This Court is procedurally barred from considering the Applicant's claim under these

allegations unless he can demonstrate "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause and actual prejudice, Applicant must show that efforts to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). The standard is an objective one, asking not what a particular attorney or *pro se* applicant actually knew but whether the claim was "reasonably available" upon diligent inquiry. *Id*. at 494, 496. Applicant presents no evidence that these claims were not reasonably available during his first post-conviction motion, thus leaving these claims procedurally barred.

To demonstrate a fundamental miscarriage of justice, Applicant must demonstrate that a constitutional error has probably resulted in the conviction of one who is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Applicant has not done so. Applicant's pre-sentence report indicates that he admitted to touching the victim's thighs and breast. Response, Exh. B, p. 5 (citing Presentence Report, pp. 3–4). Thus, the failure to investigate the credibility of the victim did not result in fundamental miscarriage of justice to one who is actually innocent. Further, the claims based on mandatory participation in a sex offense-specific mental health evaluation prior to sentencing and mandatory participation in a sex offense-specific treatment to be eligible for parole do not support a fundamental miscarriage of justice, because Applicant has not produced evidence of his actual innocence. In any event, these collateral consequences of Applicant's plea do make his plea involuntary or unknowing, and thus, cannot support a claim for ineffective assistance of counsel. *Perkis v. Dirmons*, 201 Fed. Appx. 648, 652 (10th Cir. 2006) ("Both parole eligibility and the

possibility that sentences may be imposed consecutively – as opposed to concurrently – are collateral consequences of a plea and therefore a state court's failure to inform the defendant of these consequences does not render a guilty plea unknowing or involuntary.").

Applicant's claim based on mandatory indeterminate sentencing is exhausted and is properly before this Court. The Colorado Court of Appeals rejected this claim and found that Applicant "was advised in the written Crim. P. 11 advisement and by the court that he could receive an indeterminate sentence. He stated that he understood the court's advisement regarding the sentence. Therefore, even assuming that counsel did not advise defendant, he is not entitled to relief on this claim." Response, Exh. D, p. 9.

To support a claim of ineffective assistance of counsel, Applicant must show that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) prejudice to the petitioner, such that but for the error's of counsel, the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 688, 692-93 (1984). In the context of a plea agreement, the plea is only valid if is knowing and voluntary, "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The Court of Appeals applied this standard and concluded that, because the trial court advised Applicant that he was subject to an indeterminate sentence, Applicant was aware of the consequences of pleading guilty and suffered no prejudice even if his counsel failed to inform him of the indeterminate sentence. This determination is not an unreasonable application of Supreme Court precedent.

In addition, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out to be, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). "And in evaluating the validity of [applicant's] plea, we are reluctant to accord much weight

8

to his *post hoc* reevaluation of the wisdom of the bargain." *Id.* Here, Applicant claims that he did not have the opportunity to read the Crim P. 11 advisement and that counsel did not explain the indeterminate sentence.   However, the Colorado Court of Appeals found that the trial court confirmed with Applicant at the providency hearing that he would receive an indeterminate sentence pursuant to the Lifetime Act, and that the trial court confirmed with Applicant that he understood the plea agreement and possible sentence.  Response, Exh. D, p. 4. This determination is neither an unreasonable application of Supreme Court precedent, nor is it an unreasonable determination in light of the facts presented.  The record in this case simply does not support Applicant's argument that he did not understand he would be subject to an indeterminate sentence when he pled guilty to sexual assault.

    **2.**       **Whether Applicant was re-sentenced in violation of the due process clause**

Applicant also claims that he was first sentenced to an eight-year determinate sentence, which was changed to an eight-years-to-life indeterminate sentence after he left the courtroom.  Application at 6, Exh. C.  The Colorado Court of Appeals found as follows:

> The written plea agreement contained no concessions regarding the length or type of sentence to be imposed, but defendant's written Crim. P. 11 advisement contained a provision that was initialed by defendant and informed him of the possibility of an indeterminate sentence.

> At the providency hearing, the prosecutor and plea counsel clarified with the court that defendant was to receive an indeterminate sentence pursuant to the Lifetime Act. The court confirmed with defendant that he understood the plea agreement and the possible sentence he could receive.

> At the sentencing hearing, in defendant's presence, the prosecutor reminded the court that the sentence was to be indeterminate, and the court stated: "it'll be a[n] eight-year indeterminate."  The original mittimus reflects the eight-year to life sentence.

> Thus, defendant's claim that he received a determinate sentence is contradicted by the record, and we reject the rest of his claims based on this incorrect premise.

Response, Exh. D, pp. 3–4.  The Due Process Clause requires state courts to follow established legal procedures and the law before depriving an individual of his life, liberty, or property.  *Romero v. Janecka*, 209 Fed. Appx. 746, 748 (10th Cir. 2007).  Applicant's argument is that the state court violated established legal procedures by re-sentencing him without his presence in court.  The Colorado Court of Appeals found Applicant's argument directly contradicted the record.  Applicant relies on two minute orders, which he claims show that he was first sentenced to eight-years determinate, before being re-sentenced to an eight-year-to-life indeterminate sentence.  Traverse at 10; Response, Exh. A., pp. 27–28.  These minute orders, however, both state that "the def is sentenced to 8 years DOC to indeterminate," and both state that Applicant and his counsel were present.  *Id.*  This Court finds that the Court of Appeals' ruling is not an unreasonable application of Supreme Court precedent nor an unreasonable determination in light of the facts presented.  Applicant's argument is wholly unsupported by the record in this case.

### 3.    Whether Applicant was re-sentenced constituting double jeopardy

Applicant also claims that his second sentence, the eight-year to life indeterminate sentence, violated the Double Jeopardy Clause.  The Colorado Court of Appeals rejected this argument as directly contradicting the record.  As noted above, this Court agrees.  Applicant's claim that he first received a determinate sentence directly contradicts the record in this case.  Accordingly, the Court of Appeals' ruling is not an unreasonable application of Supreme Court precedent nor an unreasonable determination based on the facts presented.

Moreover, federal habeas review based on a claim that the Applicant received multiple

punishments for the same crime is limited to a determination of whether "the trial court imposed sentence greater than the legislature intended." *Foote v. Ward*, 207 Fed. Appx. 927, 930 (10th Cir. 2006) (citing *Missouri v. Hunter*, 459 U.S. 359, 368 (1983)). The Colorado Lifetime supervision of Sex Offenders Act requires the court to give an indeterminate sentence. *See People v. Oglethorpe*, 87 P.3d 129, 133–34 (Colo. App. 2003). Thus, the sentence Applicant received is not greater than the Legislature intended. *See Lee v. Crouse*, 451 F.3d 598, 608 (10th Cir. 2006).

> **4. Whether the state court's refusal to provide Applicant with a copy of the district court proceedings for his appeal violated due process**

Applicant also claims that his right to due process was violated by the state court's refusal to provide him a copy of the transcript of his criminal proceedings at state expense for use in his post-conviction motions. Application at Exh. C, p.2. Applicant argues that the transcript he received was incomplete, because it failed to show that he was re-sentenced in the afternoon when neither he nor his counsel were present. *Id.* Respondents argue that Applicant filed a letter with the Colorado Court of Appeals asking that the transcripts be included. The Colorado Court of Appeals informed Applicant that he should file a motion to supplement the record, which he failed to do. Response, Exh. B, p. 2 n. 2. This constitutes a denial based on an independent and adequate state procedural rule. *Maes*, 46 F.3d at 985. Accordingly, Applicant must establish cause and prejudice, or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Applicant does not establish cause or actual prejudice, because Applicant does not explain his failure to simply file a motion to supplement the record, as directed by the Colorado Court of Appeals. Applicant does argue that the transcripts would support his argument that he was re-sentenced outside his presence to an indeterminate sentence and that they would support what he

11

argues the minute orders already show.   As discussed above, the minute orders referenced by

Applicant do not support his argument that he was re-sentenced to an indeterminate sentence.

Rather, both minute orders include an indeterminate sentence.   Response, Exh. A., pp. 27–28.

Because nothing in the record supports Applicant's argument, Applicant did not suffer a fundamental

miscarriage of justice.   Accordingly, Applicant is not entitled to relief on this ground.

**III.    Conclusion**

In viewing the merits of the Applicant's claims, he is not entitled to relief under 28 U.S.C. §

2254.   Pursuant to Rule 8 of the rules governing section 2254 proceedings, no evidentiary hearing

is required.   Accordingly, for the reasons stated above, the Court RECOMMENDS that the

Application for a Writ of Habeas Pursuant to 28 U.S.C. § 2254 [Filed January 10, 2007; Docket #3]

be **denied**, and that this case be dismissed with prejudice.   Under Fed. R. Civ. P 72, the parties shall

have ten (10) days after service of this Recommendation to serve and file any written objections in

order to obtain reconsideration by the District Judge to whom this case is assigned.[1]


Dated at Denver, Colorado this 29th day of May, 2007.

---

[1]  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge